UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERNEST LEE ARCHIE, JR.,

     Plaintiff,

v.                                                                          Case No. 3:24cv8-MCR-HTC

JELO ACEVEDO, et al.,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

On February 2, 2024, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee ("IPFF") of $39.05.[1] Doc. 6. The February 2 Order warned Plaintiff that his failure to pay the IPFF could result in a recommendation that this case be dismissed. Nevertheless, as described below, Plaintiff failed to pay any portion of the IPFF, despite receiving deposits into his account after the Court issued the February 2 Order. Thus, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to comply with a Court order.

---

[1] The Court assessed the $39.05 fee based on Plaintiff's inmate account statement, which showed that from September 22, 2023, to January 24, 2024, Plaintiff received deposits into his account which totaled $781. Doc. 5.

The Court initially directed Plaintiff to pay the $39.05 IPFF by February 23, 2024.  After Plaintiff failed to do so, the Court issued an order on February 29, 2024, giving Plaintiff fourteen days to show cause why this case should not be dismissed due to his failure to submit the IPFF.  Doc. 7.  Plaintiff filed a response to the February 29 Order, asserting he lacked the funds to pay the IPFF.  Doc. 8.  He claimed: (1) he only received $40 in deposits in February; (2) his account had a negative balance when he attempted to withdraw the $39.05; and (3) he was unsure when or if he would receive more deposits into his account.  He asked the Court to give him 30 days from his release from the Escambia County Jail to pay the fee.

On March 15, 2024, the Court issued an order advising Plaintiff he could not defer paying the IPFF until his release from custody and he would not be excused from paying the IPFF unless he submitted an updated inmate account statement which confirmed he did not have the funds to pay the fee and had not received deposits into his account which he opted to spend on other things.  Doc. 9.  The Court: (1) warned Plaintiff that if he had chosen not to pay the IPFF with the money in his inmate account, his case would be dismissed due to his failure to comply with the February 2 Order; and (2) gave him until March 29 to either pay the $39.05 IPFF or submit an updated inmate account statement.  The March 29 deadline was subsequently extended to April 17.  Doc. 11.

On April 12, 2024, the Court received an updated inmate account statement from Plaintiff.  Doc. 13.  The updated account statement shows: (1) on February 2, Plaintiff had an account balance of $10.36; (2) he received deposits of $20, $7, and $37, on February 4, February 8, and February 18, respectively; and (3) he spent that money on phone calls and items from the commissary throughout the month of February, leaving him with a balance of $0.83 on February 28.

The updated account statement confirms Plaintiff did not attempt to pay any portion of the IPFF,[2] despite receiving deposits of $64 into his account after the Court issued the February 2 Order.  Thus, Plaintiff failed to comply with the February 2 Order and dismissal of this case is appropriate.  *See Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (affirming district court's dismissal of inmate's complaint for failure to pay the partial filing fee when his account statement showed he received money from family members and spent the money on discretionary items rather than the partial filing fee); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted).

---

[2] "Once the district court assesses an initial partial filing fee, the inmate is liable for its payment. … If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the inmate must ensure that any available portion of that initial fee is withdrawn from his account and transmitted to the clerk of the district court."  *Wilson v. Sargent*, 313 F.3d 1315, 1320 (11th Cir. 2002) (citation omitted).

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to pay the initial partial filing fee and failure to comply with a Court order.

2.    That the clerk close the file.

At Pensacola, Florida, this 23rd day of April, 2024.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv8-MCR-HTC